HAND v. GAS ENGINE & POWER CO. AND CHARLES L. SEABURY &
CO., Consolidated.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

SALE—QUESTION FOR JURY.
    Plaintiff's assignor performed services for defendant, for which he was
to receive a credit if he purchased launches of a certain value from him.
Seven years later he made a contract to buy launches of the required
price. Nothing was said at the time about deducting the allowance, and
defendant's officer testified that the buyer presented himself under a
fictitious name, and was told that the sale had to be for cash, and that
was the inducement for fixing the price at said sum. *Held*, that the
question whether there was a contract of sale was for the jury.
    McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by George B. Hand against the Gas Engine & Power Com-
pany and Charles L. Seabury & Co., Consolidated. There was a
judgment for plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and INGRAHAM, JJ.

E. P. Johnson, for appellant.
C. De H. Brower, for respondent.

PATTERSON, J. On the trial of this action the court directed
a verdict for the plaintiff upon all the evidence introduced by
both parties. The defendant had asked on that evidence to go
to the jury, and excepted to the refusal of the court to allow him
to do so. The only matter to be considered on this appeal, which
is from the judgment entered upon the verdict, is as to the correct-
ness of the disposition of the cause made by the trial judge. The
action was brought by the assignee of one E. S. Hand, who, on the
31st of October, 1890, entered into a contract with the Gas Engine
& Power Company to insert in a book being published by him an
illustrated advertisement of the articles in which the Gas Engine
& Power Company dealt. It appears that the agreed value of
the advertising was $1,155, but it was provided in the contract as
follows: "In consideration of the insertion of an advertisement,
* * * we promise to allow and deduct from our contract price
for naphtha launches, providing said price amounts to $5,000 or
more, the sum of $1,155 on or after publication and delivery to us
of twenty-five books containing our advertisement;" and, further:
"In the event of said purchase not being made good, we are abso-
lutely acquitted of any charge for the advertisement herein pro-
vided." It is alleged in the complaint that on the 6th day of
December, 1897 (more than seven years after this contract was
entered into), the defendant, the Gas Engine & Power Company
and Charles L. Seabury & Co., Consolidated, contracted to sell to E. S.
Hand, at its contract price of $5,000, two naphtha launches, and the
said Hand agreed to purchase the same at the price of $5,000, and
requested that the same be delivered on or about May 1, 1898;
that thereupon Hand duly tendered to the defendant the advertis-

ing contract and the sum of $3,845 in cash in full payment of the contract price of $5,000, and demanded that the defendant allow and deduct $1,155 from its contract price of $5,000 for said launches; and that the said defendant refused the tender and the demand, and has refused to deliver the naphtha launches, and to deduct the sum of $1,155 from the price of the launches, and refused to accept the advertising contract at all as part payment for the launches. Therefore it is claimed the agreed value of the advertising is recoverable in this action. It also appears that the Gas Engine & Power Company in 1896 changed its name to that of the present defendant. All the allegations of the plaintiff's complaint are admitted by the answer, except the averment respecting the making of an agreement to sell naphtha launches, and of a refusal to deliver the launches, and of the plaintiff being the assignor of E. S. Hand. Those allegations are denied. On the trial of the cause it was virtually conceded by the president of the defendant that the obligation rested upon it to recognize and perform the contracts of the Gas Engine & Power Company, and no claim is made that the advertising was not done in the manner contemplated by the contract of 1890, referred to in the complaint. There was, however, in contest between the parties, on the trial, an issue of fact as to any agreement having been made on the 6th day of December, 1897, the defendant contending that the minds of the parties had not really met as to the terms of payment of the price at which the launches were to be sold. The only witnesses as to what occurred in the negotiations respecting the launches were the plaintiff's assignor, who was an interested party, seeking to have his advertising contract enforced, and the president of the defendant, seeking to resist that enforcement; and, according to the testimony of both, nothing whatever was said concerning the deduction from the price of the launches of the $1,155 until the negotiations were ended, and, as E. S. Hand says, he came to make payment of the stipulated price. Then for the first time he produced the contract for advertising, and insisted upon his right to have the amount deducted from the purchase price. He says that the president of the defendant agreed to sell him the two launches for $5,000, which was the amount of the purchase required in order to allow the offset of the $1,155; that the sum of $5,000 was agreed upon, and that he tendered payment in accordance with his advertising contract. Mr. Amory, the president of the defendant, in making his statement of what occurred between himself and E. S. Hand relative to the launches, swears that Hand came to him, giving his name as Stokes, stating that he wanted to buy two launches, and that he (Amory) then stated that he was willing to sell him two launches selected by E. S. Hand, and fixed the price at $5,000, with the distinct statement that the sale was to be for cash, and that he informed Hand or Stokes that a large reduction from their catalogue price would be made upon the condition of payment being in cash. Mr. Amory also swears that nothing whatever was said with respect to Stokes being Hand, or Hand having a contract which would allow the offset of $1,155; and, if that had

been mentioned, he would not have agreed to sell these two launches for the sum of $5,000. His evidence is to the effect that he was dealing with Hand upon the understanding that the whole amount of the purchase money was to be paid in cash, and for that reason he fixed the price at the sum of $5,000. The negotiators were at cross purposes, Amory not suspecting the intention of Hand to claim the benefit of the advertising contract, and the latter fully intending to do so. Hand tendered the contract of $1,155 in part payment, but Mr. Amory at once declined to receive it, and then stated that this was a special transaction, and the price reduced in order that the company might get cash, which it greatly needed, that constituting the inducement of its lowering the price. The version given by Mr. Hand of the negotiations is at variance with the claim of Mr. Amory in this regard, but nevertheless there was the issue as to whether or not the minds of the parties met as to the terms of payment for these two launches; and that issue should have gone to the jury. There is no question of the plaintiff's general right under the contract of advertising. There is no question that the advertising was done, but there was a distinct contest before the jury as to the parties really having understood upon what terms the dealing then pending was made. It is not worth while discussing the effect of the suppression of facts by Hand, nor of his resorting to a trick to realize more upon his contract for advertising than would have been allowed by the defendant had Hand's full purpose been disclosed. It is enough that there was evidence to go to the jury to show that the defendant would not have agreed to sell the launches at $5,000 unless it was distinctly understood that they were to be paid for in money at the time of their purchase or before delivery.

It is suggested that the pleadings are not in a condition to present the precise issue which the defendant sought to get before the jury, but there is a denial in the answer, and, further than that, all the evidence that would give rise to that issue was in the case without objection, and we must dispose of it in view of that evidence, and the state of the record as it comes to us.

The judgment must be reversed, and a new trial ordered, with costs to abide the event.

VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ., concur.

McLAUGHLIN, J. I dissent. There was no dispute of fact to submit to the jury. The only question presented was one of law, and this was correctly disposed of by the trial court. It will be observed that all the allegations of the complaint were admitted by the answer, except those relating to the contract to sell the launches, the subsequent refusal to deliver them, and the assignment to the plaintiff. These allegations were denied, but they were all established on the trial by uncontradicted evidence. Therefore, when the trial closed, and the motion was made for the direction of a verdict, the question presented was simply this: Whether an offer by the plaintiff to pay a portion of the purchase-

price of the launches in the defendant's own obligations, then due. was a compliance with the condition to pay cash, and equivalent to a tender of payment in cash. The trial court held that it was, and in that I fully agree. Under the advertising contract, the defendant, or the party whose obligation it had assumed, agreed to allow and deduct from the contract price of launches, provided the price amounted to $5,000 or more, $1,155. The plaintiff's assignor fully performed the advertising contract on his part to be performed, and the price of the launches contracted to be purchased amounted to $5,000. Therefore, by express provision of the advertising contract, the plaintiff became entitled to have applied on or deducted from the price of the launches, $1,155. The defendant was then indebted to the plaintiff in that sum; and that the sale was made for cash in no way altered the situation, because, so far as the defendant was concerned, the satisfaction or extinguishment of the claim against it for $1,155 was equivalent to cash. The payment of the launches in cash was no more necessary than the extinguishment of the indebtedness. One must be paid and the other extinguished, if there was any validity to the advertising contract. If the plaintiff had been guilty of fraud in obtaining the quotation as to the price of the launches, or in obtaining the contract as to their sale and delivery, then another question would be presented. But there is not even a suggestion of anything of this kind in the defendant's answer, and nothing from which it can be inferred, except the bare fact that the plaintiff wanted the defendant to pay an indebtedness conceded to be due. I am of the opinion, therefore, that the plaintiff complied with the condition to pay cash by offering to pay in the defendant's own, then due, obligation. Foley v. Mason, 6 Md. 51.

The judgment is right, and should be affirmed, with costs.